UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                    Case No. 03-80617

Vs.                                             HON. AVERN COHN

TAREK MAKKI,

      Defendant.
_____/

DEFENDANT'S SENTENCING MEMORANDUM

INTRODUCTION

      Defendant, Tarek Makki submits this sentencing memorandum in support of his sentencing which is scheduled for March 14, 2006 at 2:30 p.m. As a result of his guilty plea to: Count 1 - Conspiracy to Traffic in and Smuggle Counterfeit Goods, in violation of 18 USC §371; Count 2 - Conspiracy to Launder Monetary Instruments, in violation of 18 USC §1956(h); and Counts 6, 8 and 10, False Statements, in violation of 18 USC §1001, Mr. Makki faces statutory maximums of five, twenty and five years, respectively. Counsel is in receipt of the presentence investigation report prepared in anticipation of sentencing, where the recommended guidelines are 108 to 135 months based on a guideline computation which found a Total Offense Level of 31 and a Criminal History Category of I. Counsel has submitted objections to those guidelines pursuant to the language of the Rule

11 Plea Agreement, (attachment B, p 3) and also the plea colloquy of October 5, 2005. (Transcript, pp 20-21, 30-31). On Page 30 of the plea transcript, the government and counsel stipulated that the guideline range of 37 to 46 months, based on a loss figure of $879,000 was appropriate.[1] There was no argument on that issue since that was a number that had been conceded over a year and a half ago as to what was readily provable for purposes of guideline computations.

Counsel submitted other objections relating to the obstruction of justice enhancement pursuant to USSG §3C1.1. It was argued that the two level enhancement in a case where the defendant pled to charges relating to false statements in this Court and false declarations before the Court in the Northern District of Texas, was an impermissible double bump to add a guideline enhancement when he has pled to substantative offenses.

Finally, defendant objected to the adjustment for his role in the offense pursuant to §3B1.1(c). The defendant's two level increase for leadership role is considered inappropriate in a situation where defendants Nanwani and Singh were in a buyer/seller relationship with Mr. Makki.

Counsel is in possession of the sentencing memorandum of co-defendant, Adham Mackie. The arguments contained therein are adopted, however, counsel submits that the Court should be aware of the fact that the defendants, Tarek Makki and Adham Mackie had

---

[1] Counsel submits the Base Offense Level pursuant to USSG §2X1.1 is 8, and that the Specific Offense Characteristic pursuant to USSG §2B1.1(b)(1)(H) is 14. There is a two level adjustment pursuant to USSG §2B5.3(b)(2) for a Total Offense Level 24, with a reduction of three levels for acceptance of responsibility. The Adjusted Offense Level of 21, with advisory guidelines of 37 to 46 months.

engaged in cooperation with the government. While it is conceded that the activity continued, the cooperation of Tarek Makki and Adham Mackie provided a significant basis for the criminal complaint filed against Anand Nanwani, Case No. 04-81045 filed on December 17, 2004. In that complaint, Tarek Makki and Adham Mackie are listed as sources of information in paragraphs 8, 9, 13, 16, 18, and 19. They are mentioned by name in the criminal complaint. The dates of the interviews with the sources of information correspond to the dates that Tarek Makki and Adham Mackie were being debriefed.

BOOKER AND FANFAN

On January 12, 2005, the United States Supreme Court held that the mandatory imposition of federal sentencing guidelines is unconstitutional; United States v Booker, No. 04-104; United States v Fanfan, No. 04-105. While the guidelines are now only advisory, the Court must still consider the guideline range when imposing a sentence. The defendant believes that there are significant reasons to sentence him below the "advisory" guideline range that this Honorable Court ultimately determines in this case. First, the remedial majority in the Booker decision held that while district courts must still consider the guideline range, (18 USC §3553(a)(4)&(5)), they must also consider the other directives set forth in 18 USC §3553(a).      Section 3553(a) requires this Honorable Court to "impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) states that such purposes are:

    (A)    to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
    (B)    to afford adequate deterrence to criminal conduct;
    (C)    to protect the public from further crimes of the defendant; and
    (D)    to provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner.

18 USC §3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The directives of <u>Booker</u> and 18 USC §3553(a) make it clear that courts need no longer uncritically apply the guidelines and only depart in unusual cases for clearly identified and persuasive reasons. The guidelines are now merely advisory and can, in a case such as this where the defendant presents such a complex history, allow this Honorable Court to tailor a sentence to fit the statutory direction and yet be effective and fair.

<u>LETTERS IN SUPPORT OF THE DEFENDANT AT SENTENCING</u>

Najat Mackie is the mother of defendant Tarek Makki. She begs the Court's leniency at her son's sentencing. She acknowledges his wrongdoing but asks the Court to allow her son the opportunity to prove himself as a responsible and honest man. Because Tarek is the eldest son and his father is deceased, the entire family relies on him for support.

Sukaina Mackie is Mr. Makki's younger sister. She is an officer manager for Progressive Physical Therapy in Detroit. She confirms that Mr. Makki is a man of great integrity who is extremely dedicated to his family. He gave his sister financial support to

put her through school and assisted towards building a house.  She relates that Mr. Makki demonstrates empathy and compassion for those less fortunate and is confident that he has the potential to lead a responsible and productive life.

Mohammad Sami Mackie is the uncle of Mr. Makki.  He is a retired auto worker from Ford Motor Company, a veteran of the US Armed Services and a married man of 44 years.  He relates that Mr. Makki, as the oldest son, is a devoted family man who not only is responsible for his wife and children but also is equally responsible to the needs of his mother, brothers and sisters.  As his uncle, he relates that Mr. Makki has been greatly affected by the situation and the mistake he made.  He believes that if given leniency, Mr. Makki will not shirk his responsibilities and as the ability to put this matter behind him and leave a productive and socially fulfilling life.

Raffic and Kathryn Mackie are the maternal aunt and uncle of Tarek Makki.  They request the Court's leniency and believes that Mr. Makki is prepared to become a part of a productive, contributing member of society.  They do not believe he will ever involve himself in anything illegal and will remain very cautious the rest of his life.  They also believe Mr. Makki is prepared to assume the role as head of his household.

Mike Makki is a married man of 12 years with two children.  He is employed by the Veterans Benefits Administration and has been involved with the Arab American Community Center for Economic and Social Services for many years.  He has known Mr. Makki for almost all his life and believes that he deserves a second chance.  He relates the devastation that has been caused by Mr. Makki's actions and requests leniency so that he may resume the responsibility of supporting his family.

Ali and Manal Rezik are the sister and brother in law of Tarek Makki, and request consideration at the time of Mr. Makki's sentencing. They relate that Mr. Makki's involvement in illegal activity came as a surprise to his whole family. He indicates that Mr. Makki's father was a leading figure in his community and that Mr. Makki following in his father's steps, who was hard working, conscientious and responsible in his business transactions. They believe that Mr. Makki will want to regain his family's respect and requests that he be given a second chance to lead a law abiding life.

Rima H. Elzein is a legal advisor to the American-Arab Antic-Discrimination Committee. Ms. Elzein is Mr. Makki's first cousin and grew up together in Sierra Leone, West Africa. She relates the closeness of their two families. Ms. Elzein's impression of Mr. Makki is that of a dedicated and loving father to his three children. It is a well know f act that he has always been responsible for his entire family, including his parents, sisters and brothers. Ms. Elzein believes that Mr. Makki's need to financially provide his whole extended family is what landed him in trouble. In her heart she believes that Mr. Makki is a good and honorable many who can lead a productive life and contribute positively to society. She requests leniency for the sake of Mr. Makki's three children who have become innocent victims and who are paying the most.

Tallal Turfe is the Chairman of the National Conference of Community and Justice as well as the Chairman of the Arab American and Jewish American Friends. Tarek and Ali Makki are his great nephews. He relates that Mr. Makki is deeply sorry for his crime and believes that he has learned is lesson and wants to return to society with civility and

responsiveness. He believes that with leniency, Mr. Makki will become a productive and responsible person.

It is respectfully requested that this Court fashion a sentence consistent with this memorandum and the sincere request by people who know the defendant.

                                                  Respectfully Submitted,

                                                  JAMES C. THOMAS, P.C.

                                                  By:  /s/ James C. Thomas
                                                       James C. Thomas P23801
                                                       Attorney for Defendant
                                                       2632 Buhl Building
                                                       Detroit, MI 48226
                                                       313-963-2420
                                                       jctdetroitlaw@msn.com

DATED:  March 10, 2006

CERTIFICATE OF SERVICE

    I hereby certify that on March 10, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: AUSA Gary Felder, Neil Fink

                                              /s/ James C. Thomas
                                              James C. Thomas